IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH EUGENE THOMPSON, | |
| Plaintiff, | **8:21CV463** |
| vs. | |
| CITY OF OMAHA - POLICE DEPARTMENT, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Plaintiff is currently an inmate at the Lincoln Correctional Center.[1] The court has granted Plaintiff permission to proceed in forma pauperis (Filings 8, 14), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

Plaintiff sues the City of Omaha Police Department under 42 U.S.C. § 1983 for use of excessive force against him in a private residence in November 2019. Plaintiff alleges that while he was unarmed and lying down with his hands up, ten police officers "beat him," two of whom tased, kicked, and stomped on his legs, "lifted" him, and "cuffed" him. All ten of the officers allegedly punched Plaintiff repeatedly in his face, ribs, and back. Prior to this use of force, Plaintiff claims he had run "from [an] unmarked car a few blocks away." (Filing 1 at CM/ECF p. 5.)

Plaintiff claims to have suffered a bloody face and nose; blackened eye; bruised ribs, back, and nose; and pain in his legs, which contained pre-existing blood clots. Plaintiff requests $300,000 in damages. (*Id.*)

_____

[1] Plaintiff was a prisoner when he filed this case, was then released, and is now incarcerated again.

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A.  Proper Defendants

Section 1983 creates a civil action for those deprived by a person acting under color of state law of a right secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Because "it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit," Plaintiff's section 1983 claim may not be asserted against the City of Omaha Police Department, and therefore must be dismissed. *Ferrell v. Williams Cty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014). *See also De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff department not subject to suit under § 1983); *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such. . . . [t]hey are simply departments or subdivisions of the City government").

## B.  Excessive Force Claim

Should Plaintiff file an amended complaint against proper defendants, he should be aware of the elements of the claim he attempts to assert. "An excessive force claim 'is governed by the Fourth Amendment's prohibition against unreasonable seizures,'" *Thompson v. Dill*, 930 F.3d 1008, 1013 (8th Cir. 2019) (quoting *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012)), and "is evaluated under the reasonableness standard of the Fourth Amendment." *Coker v. Arkansas State Police*, 734 F.3d 838, 842 (8th Cir. 2013) (internal quotation and citation omitted).

To show a Fourth Amendment violation by the use of force, a plaintiff must establish (1) that he was "seized"[2] within the meaning of the Fourth Amendment and

---

[2] To constitute a "seizure" under the Fourth Amendment, there must be a willful or intentional application of physical force, as determined by the "officer's objective behavior," or the plaintiff's submission to the police officer's show of authority. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1208 (8th Cir. 2013). A seizure must "restrain[ ] . . . freedom of movement," but the "restraint need not actually succeed in stopping or holding [the person] even for an instant." *Id.* (internal quotations, alterations, and citations omitted) (police officer's "bull rush" at plaintiff was "more than enough physical force to effect a seizure under the Fourth Amendment" (citing cases)).

(2) that an officer's use of force was objectively unreasonable[3] given the facts and circumstances of the incident as "judged from the perspective of a reasonable officer on the scene." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013) (internal quotation and citation omitted); *see also Atkinson v. City of Mountain View*, 709 F.3d 1201, 1209 (8th Cir. 2013).

## IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a 42 U.S.C. § 1983 claim upon which relief can be granted against the City of Omaha Police Department.

Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states his claim against specific, named[4] defendants. The amended complaint must specify in what capacity the defendants are sued, must identify each defendant by name or include allegations specific enough to permit the identity of the defendants to be ascertained after reasonable discovery, and must set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint (Filing 1) and any new allegations. Plaintiff should be mindful to explain what each defendant did to him, when the defendant did it, and

---

[3] "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Samuelson v. City of New Ulm*, 455 F.3d 871, 875 (8th Cir. 2006) (internal citations and quotations omitted); *see also Rohrbough v. Hall*, No. 4:07CV00996, 2008 WL 4722742, at *4 (E.D. Mo. Oct. 23, 2008) ("The Court must consider factors such as the severity of the suspected crime, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting or attempting to evade arrest.").

[4] Although a complaint must include the names of all the parties, *see* Fed. R. Civ. P. 10(a), "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

how each defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings. Plaintiff is encouraged to use the court-approved form to draft his second amended complaint, which the clerk of the court will provide to him.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1.      The City of Omaha Police Department is dismissed from this matter because it is a non-suable entity.

2.      Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must identify each defendant by name or include allegations specific enough to permit the identity of the defendants to be ascertained after reasonable discovery and set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how each of the defendant's actions harmed him.

3.      In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4.     The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

5.     The clerk of the court is directed to set a pro se case management deadline using the following text: **July 5, 2022**—amended complaint due.

6.     The clerk of court is directed to send to Plaintiff a blank civil complaint form for violation of civil rights (prisoner).

7.     Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 2nd day of June, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge